**CREDIT SUISSE FIRST BOSTON, LLC, Petitioner,**

v.

**Thomas W.S. GROVES, Respondent.**

No. 04 Civ. 6585(LLS).

United States District Court, S.D. New York.

Sept. 9, 2004.

Quinn, Emanuel, UrQuhart, Oliver & Hedges, LLP, Michael B. Carlinsky, Kevin S. Reed, of counsel, New York City, for Petitioner.

Lax Law Firm, Barry R. Lax, of counsel, New York City, Law Offices of Brian J. Neville, P.C., Brian J. Neville, of counsel, New York City, For Respondent.

### Opinion and Order

STANTON, District Judge.

Petitioner Credit Suisse First Boston, LLC ("Credit Suisse") seeks to compel one of its former employees, respondent Thomas W.S. Groves ("Groves"), to arbitrate a dispute between the parties under the auspices of Judicial Arbitration and Mediation Services, Inc. ("JAMS"), and to discontin-

ue the New York Stock Exchange ("NYSE") arbitration Groves initiated. Groves opposes the petition and makes a reciprocal application to compel the NYSE arbitration and enjoin the JAMS arbitration.

A temporary restraining order staying the NYSE arbitration was granted on August 17, 2004, and at the August 25 oral argument both parties were stayed from proceeding with either arbitration pending this decision.

The court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the parties and the amount in controversy exceeds $75,000.

### Discussion

Credit Suisse employed respondent Groves as an investment banker from July 1990 until December 2003, when his employment was terminated.

On July 6, 2004, Groves initiated an arbitration against Credit Suisse in the NYSE Department of Arbitration. On August 12, 2004, Credit Suisse in turn initiated an arbitration against Groves before JAMS.

Both arbitration proceedings involve the same claims growing out of Groves's employment and its termination. The issue is which arbitral forum is the proper one.

1. The NYSE Arbitration Provision

Credit Suisse, as a member organization of the NYSE, is subject to the NYSE's Rule 347 requiring it to arbitrate, "at the instance of any such party," employment controversies with its registered representatives. Groves, as an employee of Credit Suisse, signed a Form U–4 Uniform Application for Securities Industry Registration or Transfer, which entitles and requires him to arbitrate employment-related disputes under the rules of the NYSE at his

own or the employer's instance. Rule 347 of the NYSE states that:

> [A]ny controversy between a registered representative and any member or member organization arising out of the employment or termination of employment of such registered representative by and with such member or member organization shall be settled by arbitration, at the instance of any such party, in accordance with the arbitration procedure prescribed elsewhere in these rules.

### 2. The Credit Suisse Arbitration Provision

Groves, as an employee of Credit Suisse, was also subject to Credit Suisse's Employment Dispute Resolution Program ("EDRP"). That is an internal program for the resolution of employment-related disputes, consisting of three steps: an internal grievance procedure, mediation, and arbitration. It contains an arbitration forum selection clause which states, "All arbitrations under the Program will be conducted by a single arbitrator supplied by JAMS, the American Arbitration Association, or the Center for Public Resources (CPR) Institute for Dispute Resolution ('Service Providers') ... The party that first requests an arbitration will choose which of the three Service Providers will be used for the proceeding." No one disputes that the subject-matter of Groves's claims is covered by the EDRP. If it applies, under its forum selection clause NYSE arbitration is not an option.

The EDRP provides for conflicts between a forum designated in the EDRP's arbitration forum selection clause and a forum designated in some other arbitration agreement between the parties (such as the NYSE rule) by giving priority to the EDRP forum unless the other forum is legally required "to the exclusion of all

other rules and forums", in which case that other forum will take precedence. The EDRP states:

> An employee who is (or is required to be) a registered representative shall be subject to the arbitration provisions of the Program with regard to an Employment–Related Claim asserted by him or her except to the extent he or she is legally required to arbitrate such Employment–Related Claim pursuant to particular rules or in a particular forum (for example, pursuant to the rules of or at a stock exchange or the National Association of Securities Dealers) to the exclusion of all other rules and forums. If such a requirement applies, it will take precedence over the arbitration procedure described in Step Three of the Program.

Groves argues that under Rule 347, he is "legally required" to arbitrate before the NYSE, and that his NYSE arbitration therefore takes precedence over any forum designated in the EDRP. Credit Suisse argues that NYSE arbitration is not "legally required" but is invoked at the election of the employee or member firm, and therefore does not take precedence.

### 3. The *Padilla* Case

██ Judge Stein of this court recently adjudicated this precise issue in *Credit Suisse First Boston, LLC v. Padilla,* 326 F.Supp.2d 508 (S.D.N.Y.2004). He held that an employee's right to demand NYSE arbitration was elective and could be waived. He held that the execution of the EDRP by a Credit Suisse employee was such a waiver, and that the NYSE arbitration Gonzales Padilla initiated after executing the EDRP was therefore a nullity. Judge Stein stated:

> Rule 347 of the Exchange details when registered representatives are obligated to arbitrate before the Exchange. The Securities and Exchange

Commission has explained that "Rule 347 requires arbitration of claims 'at the instance' of either party, and therefore may be waived, allowing the entire case to be heard in court." Self Regulatory Organizations; Order Approving Proposed Rule Change by the New York Stock Exchange, Inc. Relating to Arbitration Rules, 1998 WL 907943 (S.E.C. Release No. 40858). Accordingly, neither party to this action becomes "legally required," pursuant to the EDRP, to arbitrate within the Exchange unless and until one party initiates such a proceeding.

Because Gonzalez explicitly agreed in the EDRP not to demand arbitration before the Exchange unless he were legally required to do so, his very act of seeking arbitration before the Exchange despite being free of any legal requirement to do so was *in the first place* a violation of the EDRP and nothing more than an attempt to bootstrap his way into meeting the "legally required" exception to the EDRP. The parties agreed to arbitrate pursuant to the EDRP unless "legally required" to arbitrate elsewhere; because neither party's circumstance met the EDRP exception, Gonzalez may not pursue his claims in the Exchange.

*Id.* at 512–13.

The language of Rule 347 does not bind Groves to a NYSE arbitration, but merely states that a NYSE arbitration will be employed "at the instance of any such party." Therefore the "legally required" exception does not apply to him. When Groves became a party to the EDRP which provides for arbitration before a non-NYSE forum, he waived the right to elect a NYSE forum.

Groves points to a New York state case, *Credit Suisse First Boston v. Pitofsky*, 2 A.D.3d 6, 768 N.Y.S.2d 436 (1st Dept.2003),

*stayed, and leave to appeal granted,* 2004 N.Y. LEXIS 1696, 3 N.Y.3d 635 (N.Y. June 29, 2004), which held otherwise. Judge Stein correctly followed the Federal Arbitration Act, rather than *Pitofsky.* See *Padilla,* 326 F.Supp.2d at 512. I also decline to follow *Pitofsky* because it did not address the significance of the language in Rule 347 stating that arbitration will be "at the instance of any such party", which eviscerates the notion that NYSE arbitration is "legally required."

### 4. The EDRP's Forum Selection Clause and Public Policy

■ Groves further argues that the EDRP's arbitration forum selection clause is void because it violates public policy.

*Thomas James Assocs., Inc. v. Jameson,* 102 F.3d 60 (2nd Cir.1996) held that the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.* (1988), embodies a strong federal policy favoring arbitration, which overcame an employment agreement purporting to waive the right to arbitration. See 102 F.3d at 66–67. The employer in *Jameson* required employees to waive "all rights to arbitration which may be provided by any federal, state or self-regulatory organization rule or regulation". *Id.* at 63. The court held the waiver of the right to arbitrate could not stand.

But nothing in *Jameson* or in the law extends the public policy favoring arbitration to the point of favoring a particular arbitral forum, or one forum over another. Public policy has no concern with whether any particular arbitration is conducted by the NYSE, or by JAMS, or by some other facility such as the American Arbitration Association. That is a matter left to individual agreements. *See Merrill Lynch, Pierce, Fenner, & Smith Inc. v. Georgiadis,* 903 F.2d 109, 111 (2nd Cir.1990), holding that "the arbitration provision of the AMEX Constitution may be superseded by

a more specific customer agreement" and that where "the parties have agreed explicitly to settle their disputes only before particular arbitration fora, that agreement controls." *Id.* at 112–13. The EDRP does not waive, but protects, the right to arbitrate. There is no reason why a selection of one arbitral forum cannot be waived, and another substituted.

### *Conclusion*

For the foregoing reasons, the petition is granted, and Groves's application to compel NYSE arbitration and enjoin JAMS arbitration is denied. Groves's NYSE arbitration is stayed; the stay of the JAMS arbitration is vacated; and Groves is directed to arbitrate his claims against Credit Suisse under the JAMS procedures.

The Clerk will enter judgment accordingly.

So ordered.